ELECTRONICALLY FILED
2026 Apr 07 9:34 AM
00025501
West Feliciana Parish
Clerk of Court

## 20TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST FELICIANA

### STATE OF LOUISIANA

CASE NO.: 25501                                    DIVISION " β "

### MICHAEL K. ROGERS AND DONNA KAY ROGERS

### VERSUS

### STATE FARM FIRE AND CASUALTY COMPANY

FILED: **APR 0 7 2026**                 _Kau aangaus_

_____          _____
                                                **DEPUTY CLERK**

### PETITION FOR DAMAGES

Petitioners, Michael K. Rogers and Donna Kay Rogers, respectfully submit this Petition

for Damages against Defendant, State Farm Fire and Casualty Company, and further respectfully

aver as follows:

### PARTIES

#### 1.

Made Petitioners, Michael K. Rogers and Donna Kay Rogers (hereinafter "Petitioners"),

are natural persons of full age and majority who are domiciled in Louisiana.

#### 2.

Petitioners are the natural children of Edna Hutzler Rogers ("Decedent") having been born

of Edna Hutzler Rogers, and are direct descendants and heirs of Edna Hutzler Rogers, who was

the insured under the Policy at issue in this action. Edna Hutzler Rogers died intestate on

September 3, 2024, subsequent to the loss event at issue in this action. Petitioners have been sent

into possession of Edna Hutzler Rogers' rights under the Policy as the sole intestate heirs and as

the recognized owners, in equal shares, of Edna Hutzler Rogers' entire estate per the Judgment of

Possession signed on October 17, 2024. _See_ Exhibit A. Edna Hutzler Rogers' right to enforce her

rights under the Policy was transmitted to her sole intestate heirs, Michael K. Rogers and Donna

Kay Rogers.

#### 3.

Made Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant"), is a

foreign insurance corporation incorporated and existing under the laws of the State of Illinois, with

its principal place of business in Bloomington, Illinois, authorized to do and doing business in the State of Louisiana, and can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

## VENUE AND JURISDICTION

**4.**

Jurisdiction is proper in this Honorable Court under Article 5, Section 16 of the Louisiana Constitution.

**5.**

Venue is proper in this Honorable Court pursuant to Articles 74 and 76 of the Louisiana Code of Civil Procedure.

## FACTUAL BACKGROUND

**6.**

At the time of the loss event that is the subject of the instant lawsuit, Decedent owned the property located at 10329 Old Field Road, Saint Francisville, Louisiana 70775 (hereinafter "Insured Property").

**7.**

At all times relevant hereto, Defendant provided a policy of insurance on the Insured Property, bearing policy number 18-CL-5519-5 (hereafter the "Policy") which covered the Insured Property against loss and damage caused by, among other perils, hail and wind. The policy was in full force and effect at the time of the covered loss event that is the subject of the instant lawsuit.

**8.**

On or about April 10, 2024, the Insured Property sustained damage due to a severe weather event.

**9.**

The severe weather event significantly damaged the Insured Property and will require demolition, build back and extensive repairs.

**10.**

The severe weather event caused Petitioners to suffer a loss of Insured Property as a result of the damage caused to the Insured Property.

2

**11.**

In compliance with the policy, Decedent timely provided notice of the loss event to Defendant and took reasonable steps to mitigate the damage caused by the severe weather event as soon as reasonably possible.

**12.**

Upon notification of the loss event, Defendant performed an initial inspection of the loss and damage to the Insured Property.

**13.**

Decedent and Petitioners, in compliance with the terms of the policy, cooperated with Defendant and its consultants and made the Insured Property available for inspection. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Property.

**14.**

The payments made by Defendant to date are inadequate to cover the cost of repairs caused by the severe weather event. As a result of Defendant's delays and failure to pay the amounts due under the policy, Petitioners have had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**15.**

Defendant failed to pay the amounts due in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss and also failed to make a written offer to settle the property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim.

**16.**

Defendant has been in possession of sufficient documentation to fully apprise themselves of the actual loss and damage to the Property as a result of the severe weather event. Defendant failed to pay the actual amount of the loss due under the policy despite having satisfactory proof of loss for more than sixty (60) days.

**17.**

Defendant breached its affirmative duties under LSA-R.S. 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**18.**

Defendant's failure to timely pay benefits owed under the policy has placed the Insured Property at risk.

**19.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the policy and has wrongfully or unfairly limited payment on the claim.

**20.**

Because of Defendant's failure to timely compensate Petitioners for losses that are clearly covered and owed under the policy, Petitioners have and will continue to sustain and/or incur additional losses and extra expenses, including increased costs of construction.

**21.**

But for Defendant's wrongful conduct, Petitioners could have completed repairs well prior to the date that the repairs were ultimately completed.

**22.**

As a result of Defendant's bad faith conduct in connection with its adjustment of the claim, Petitioners have incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the policy in connection with Petitioners' claims.

**23.**

Defendant's acts and omissions in failing to pay the actual amounts owed under the policy within sixty (60) days of receiving satisfactory proof of loss are arbitrary, capricious, or without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**24.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the policy in response to the damage caused by the severe weather event, Petitioners have

4

and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

### A.  Breach of Insurance Contract

**25.**

Petitioners re-allege and re-aver the allegations contained in the preceding paragraphs above, as if restated herein.

**26.**

The policy is an insurance contract between Decedent and Defendant that provides coverage for the losses resulting from the severe weather event.

**27.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed under the policy.

**28.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

(i)    purposely and/or negligently failing to timely tender undisputed insurance proceeds;

(ii)    conducting the investigation and claims in bad faith;

(iii)    failing to adequately compensate Petitioners for the damages to the Insured Property as required by the policy.

**29.**

Petitioners have suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

### B.  Bad Faith Damages for Violations of LSA-R.S. 22:1892 and 22:1973.

**30.**

Petitioners re-allege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

**31.**

Pursuant to LSA-R.S. 22:1892, Defendant was required to unconditionally tender payment for reasonably undisputed losses caused by the severe weather event within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Insured Property. Defendant failed to do so.

**32.**

LSA-R.S. 22:1892 further requires Defendant to re-evaluate the claim and to tender additional unconditional payments each time Defendant receives additional information concerning the losses sustained. Defendant failed to do so.

**33.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

**34.**

Pursuant to LSA-R.S. 22:1892, Defendant's failure to pay the loss amount due under the Policy within thirty (30) days of receiving satisfactory proof of loss was in violation of LSA-R.S. 22:1892(A)(1), which subjects Defendant to the penalty imposed under LSA-R.S. 22:1892, the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured or $1,000, whichever is greater.

**35.**

Pursuant to LSA-R.S. 22:1973, Defendant has an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after receiving satisfactory proof of loss when such failure is arbitrary, capricious, or without probable cause is a breach of the insurer's affirmative duties under LSA-R.S. 22:1973. In addition to the general or specific damages to which the insured is entitled to as a result of Defendant's breach, Defendant's failure to comply with the 60-day timeline subjects Defendant to a penalty equal to two (2) times the damages sustained or $5,000, whichever is greater. LSA-R.S. 22:1973(C).

**36.**

Defendant received satisfactory proof of the loss and had knowledge of the insurance benefits due after its initial inspection of the damage to the Insured Property. However, Defendant failed to pay even the undisputed amounts owed under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss. Defendant's failure to make such payments within thirty (30) or sixty (60) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause.

**37.**

Defendant is therefore in breach of its affirmative duties and obligations imposed under both LSA-R.S. 22:1892 and 22:1973. Because of Defendant's breach of its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims, Defendant is liable to Petitioners for all additional damages resulting from Defendant's breach and, a penalty equal to two times the amount of actual damages sustained, or $5,000, whichever is greater, plus attorney's fees, and costs, pursuant to LSA-R.S. 22:1973.

**38.**

As a result of Defendant's failures to pay the loss amounts due under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss of the damage caused by the severe weather event and its ongoing breaches of its affirmative duties of good faith and fair dealing, Petitioners are entitled to all additional damages and penalties recoverable under both LSA-R.S. 22:1892 and 22:1973 in an amount to be determined at trial.

**DAMAGES**

**39.**

As a result of the actions of Defendant, Petitioners have suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

      a.    Damage to the building located at the Insured Property;

      b.    Mitigation, remediation, and repair costs;

      c.    Diminution in value;

      d.    Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

e.   Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

f.   Mental anguish and other consequential damages caused by Defendant's breaches;

g.   Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

h.   Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**40.**

Petitioners demand a trial by jury.

**REQUEST FOR RELIEF**

**WHEREFORE**, Petitioners, Michael K. Rogers and Donna Kay Rogers, pray that, Defendant, State Farm Fire and Casualty Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings are had, there be a judgment entered in favor of Petitioners and against Defendant in an amount that will fully and fairly compensate the Petitioners for all loss and damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, for all attorney's fees, and for all other and further general and equitable relief that this Honorable Court finds reasonable in the Property.

**Respectfully submitted,**

**PANDIT LAW FIRM, LLC**

**JENNIFER CROSE, Bar No. 32116**
**RAJAN PANDIT, Bar No. 32215**
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:    (504) 313-3800
Facsimile:    (504) 313-3820
Email:    jcrose@panditlaw.com
         raj@panditlaw.com

and

8

CERTIFIED
TRUE COPY

APR 2 0 2026

Dy. Clerk of Court

**ROBICHAUX, MIZE, WADSACK,**
**RICHARDSON & WATSON, LLC**
**MATTHEW M. MIZE, Bar No. 33993**
1777 Ryan Street (70601)
Lake Charles, LA 70602
Telephone:    (337) 433-0234
Fax:          (337) 433-8595
Email:        mmm@rmwlegal.com

and

**THE LAW OFFICES OF JARED M.**
**SHEARMAN, LLC**
**JARED M. SHEARMAN, #36671**
3004 David Drive
Metairie, Louisiana 70003
Office:       (504) 290-8818
Facsimile:    (504) 290-8814
Email:        Shearman.Law@gmail.com

*Counsel for Petitioners, Michael Keith Rogers and*
*Donna K. Rogers*

**PLEASE SERVE:**

**State Farm Fire and Casualty Company**
*Through its agent for Service of Process*:
**Louisiana Secretary of State**
**8585 Archives Avenue**
**Baton Rouge, Louisiana 70809**

9

# West Feliciana Parish Recording Page

**Stewart B Hughes**
**Clerk of Court**
PO Box 1843
St. Francisville, LA 70775
(225) 635-3794

**Received From :**
ADVANCE DEPOSIT, III
POST OFFICE BOX 1843
ST. FRANCISVILLE, LA 70775

**First VENDOR**

| ROGERS, EDNA HUTZLER SUCCESSION OF |
|---|

**First VENDEE**

| ROGERS, DONNA KAY |
|---|

**Index Type :** CONVEYANCES

**Type of Document :** JUDGMENT OF POSSESSION

**Recording Pages :**        3

**File Number : 134074**

**Book :** 245        **Page :** 430

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for West Feliciana Parish, Louisiana.

On (Recorded Date) : 10/18/2024

At (Recorded Time) : 11:31:04AM

Doc ID - 001369630003

CLERK OF COURT
STEWART B HUGHES
Parish of West Feliciana
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 10/18/2024 at 11:31:04
File Number    134074
Recorded in Book 245 Page 430

Deputy Clerk

**Return To :** ADVANCE DEPOSIT, III
POST OFFICE BOX 1843
ST. FRANCISVILLE, LA 70775

Do not Detach this Recording Page from Original Document

EXHIBIT A

IN THE MATTER OF

THE SUCCESSION OF

EDNA HUTZLER ROGERS

DOCKET NO.: 3123    DIV/SEC.: B

20TH JUDICIAL DISTRICT COURT FILED

PARISH OF WEST FELICIANA    OCT 16 2024

STATE OF LOUISIANA    ~Kau Gonzales~
Dy. Clerk/of Court

## JUDGMENT OF POSSESSION

Considering the Petition for Possession and all other pleadings, exhibits, and affidavits contained in the record of these proceedings, satisfactory proof submitted that no Louisiana estate taxes are due and the law and evidence entitling Petitioners to the relief prayed for:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.

THAT there is no necessity for an administration of this succession.

2.

THAT no inheritance or estate transfer taxes are due the State of Louisiana and, thus, nothing need be filed with the Louisiana Department of Revenue.

3.

THAT Donna Kay Rogers (SSN: XXX-XX-2970) and Michael K. Rogers (SSN: XXX-XX-3592) are recognized as the sole intestate heirs of Edna Hutzler Rogers and, as such, are recognized as owners, in equal shares, of Edna Hutzler Rogers' entire estate, said estate including, without limitation, the following described property:

### Separate Immovable Property

One (1) certain lot or parcel of land, together with all the buildings and improvements thereon, situated in the Parish of West Feliciana, State of Louisiana, in that subdivision known as WOODLAND HILLS SUBDIVISION, FIRST FILING, and being designated as LOT TWENTY-TWO (22) on the official map of said subdivision entitled "Woodland Hills Subdivision First Filing, Sections 44 & 46, T-3-S, R-3-W, West Feliciana Parish, Louisiana" by William C. Monroe, Registered Professional Engineer, dated February 25, 1986 and recorded as Entry Number 34734 of the official records of the Parish of West Feliciana, State of Louisiana.

Said LOT TWENTY-TWO (22) having the measurements and dimensions and being subject to the servitudes and dedications as set forth on said official map.

*No Title Examination was requested of nor done by the attorney and/or law firm handling this succession, the description used in preparing this document was taken from the description provided and accepted by the parties hereto. Further, the attorney and/or law firm handling this succession is not cognizant of any encumbrances imposed against the property, or which might be imposed against the property as a result of this succession.*

### Separate Movable Property

1) 2009 FORD bearing VIN 1FMEU63E59UA40676
2) All personal and household movables and effects

EXHIBIT A

4.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all banks, trust companies, insurance companies, and all other persons, partnerships, unincorporated associations or corporations having on deposit or in their possession or under their control any money, credits, stocks, dividends, bonds or other property depending upon or belonging to the succession of Edna Hutzler Rogers are hereby to deliver them to Donna Kay Rogers and Michael K. Rogers in accordance with and as fixed in this judgment.

JUDGMENT READ, RENDERED AND SIGNED in _St. Francisville_, Louisiana on the 17th day of ___October___ 2024.

_____
JUDGE, 20ᵀᴴ JUDICIAL DISTRICT COURT
WEST FELICIANA PARISH


Respectfully submitted,                    **APPROVED AS TO FORM AND CONTENT:**

**MYLES|ARNOLD**                           _Donna Kay Rogers_
R. Graham Arnold – LSBA 35633              Donna Kay Rogers
1575 Church Street
Zachary, LA 70791                          _____
Telephone:     (225) 654-6006
Facsimile:     (225) 654-7239              Michael K. Rogers
graham@leadertitle.com

By:    _____
       R. Graham Arnold


CERTIFIED
TRUE COPY
OCT 18 2024
_Kaw Gonzales_
Dy. Clerk of Court

**EXHIBIT A**

NCY LANDRY
ETARY OF STATE
O. BOX 94125
OUGE, LA 70804-9125



9489 0090 0027 6725 2519 21

Label 890-PB, Oct. 2015
Pitney Bowes



PRIORITY MAIL

US POSTAGE

ZIP 70802
02 7W
0008035512MAY 05 2026
$017.25⁰

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801